IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN THOMAS RIVIERE,
    Plaintiff,

vs.                                5:06cv181/MCR/MD

APALACHEE CORRECTIONAL
INSTITUTION, et al.
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

This case is before the court upon plaintiff's pleading captioned "Title of Pleading" and attachments which was referred to the court as deficient, because, among other things, it did not bear a proper caption (i.e., "motion to submit proof of exhaustion of administrative remedies"). The clerk will be directed to docket the pleading with the attachments, which comprise the plaintiff's multi-page request for administrative remedies and the Secretary's response, dated September 27, 2006. However, because these attachments establish that plaintiff did not fully exhaust his administrative remedies until <u>after</u> he filed the instant case, his case is subject to dismissal.

Title 42 U.S.C.A. § 1997e(a) provides that:

(a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (West Supp.1997). Therefore, the plain language of the statute makes the exhaustion requirement a mandatory prerequisite to filing suit. *See Leal v. Georgia Dept. Of Corrections,* 245 F.3d 1276 (11th Cir. 2001); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1329 (11th Cir. 1998). The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Woodford v. Ngo,* 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001). Both the Supreme Court and the Eleventh Circuit have recognized myriad policy reasons favoring exhaustion. In *Woodford v. Ngo,* the Supreme Court recognized the benefits of exhaustion as follows:

> First, exhaustion protects "administrative agency authority." Exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and it discourages "disregard of [the agency's] procedures."
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. "And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."

*Woodford v. Ngo,* 126 S.Ct. at 2385 (internal citations omitted). The Eleventh Circuit has also described seven policy reasons favoring an exhaustion requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and

>deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Johnson v. Meadows*, 418 F.3d 1152, 1156 (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998)).

Even if the plaintiff may have completed exhaustion since his case was filed, it would still be subject to dismissal, as he did not exhaust his administrative remedies *before* suit was commenced. *Neal v. Goord,* 267 F.3d 116, 119 (2nd Cir. 2001) (citing *Jackson v. District of Columbia*, 254 F.3d 262, 268-69 (D.C.Cir.2001) (affirming rejection of the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.")); *Perez v. Wisconsin Department of Corrections,* 182 F.3d 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *see also Nyhuis v. Reno*, 204 F.3d 65, 71 (3rd Cir. 2000) ("Allowing the federal courts to fashion prison remedies before the prisons themselves have had the opportunity (and have the ability) to do so, is surely not what Congress intended when it enacted the [Prison Litigation Reform Act]."); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998) ("[E]xhaustion is now a pre-condition to suit.... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress specifically amended the statute to ... requir[e] federal prisoners to exhaust all administrative remedies before bringing ... a claim under 42 U.S.C. § 1983.")).

Plaintiff cannot cure the defect in his failure to exhaust his administrative remedies before filing this case by post-filing exhaustion. Thus, under the controlling law, he has failed to state a claim and his case must be dismissed without prejudice. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the

requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

Accordingly, it is ORDERED:

The clerk shall docket the plaintiff's pleading captioned "title of pleading" as a motion to submit proof of exhaustion of administrative remedies. This motion is GRANTED.

And in accordance with the foregoing, it is respectfully RECOMMENDED:

That the plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies before initiating this action.

At Pensacola, Florida, this 16th day of October, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:06cv181mcrmd.dis*